| | |
|---|---|
| 1 | KEVIN V. RYAN (CSBN 118321) <br> United States Attorney |
| 2 | |
| 3 | BRIAN J. STRETCH (CSBN 163973) <br> Chief, Oakland Division |
| 4 | ALICIA FENRICK (CSBN 193860) <br> Assistant United States Attorney |
| 5 | |
| 6 | JILL J. HOLLY <br> Law Clerk |
| 7 | 1301 Clay Street, Suite 340S <br> Oakland, California 94612 <br> Telephone: (510) 637-3705 <br> Facsimile: (510) 637-3724 |
| 8 | |
| 9 | |
| 10 | Attorneys for Plaintiff |

UNITED STATES MAGISTRATE COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, <br><br> Plaintiff, <br><br> v. <br><br> ANANISE J. SCOTT <br><br> Defendant. | ) ) ) ) ) ) ) ) ) ) ) ) ) | No. CR 4-05-70750 WDB <br><br> STIPULATION CONTINUING DATE OF PRELIMINARY HEARING OR ARRAIGNMENT AND EXCLUDING TIME UNDER THE SPEEDY TRIAL ACT CALCULATION (18 U.S.C. § 3161(h)(8)(A)) AND [PROPOSED] ORDER |

On September 26, 2005, the parties appeared before the Court for an initial appearance. At that time, a preliminary examination was scheduled before the Court on October 20, 2005. Mr. Scott understands that he is entitled to a preliminary examination not later than the twentieth day following the date of his initial appearance under Title 18, United States Code, Section 3060. However, due to both the Court's schedule and the fact that defense counsel has not yet been retained by Mr. Scott in this matter, Mr. Scott has waived his right to a preliminary hearing or

STIPULATION AND [PROPOSED] ORDER
CR 05-70750 WDB

1

1  arraignment within twenty days of his initial appearance. Based on Mr. Scott's waiver, the
2  parties scheduled the next appearance in this matter for November 3, 2005 at 10:00 a.m. before
3  Judge Brazil for a preliminary hearing or arraignment.
4      The parties request this continuance on the grounds that: (1) the Court is unavailable on
5  October 20, 2005, the date scheduled for the preliminary examination; (2) Mr. Scott has yet to
6  retain Mr. Phillip A. Schnayerson as defense counsel; thus, Mr. Scott remains unrepresented by
7  counsel at this time; (3) because Mr. Scott is not currently represented by counsel, the parties
8  cannot proceed with plea negotiations; and (4) Mr. Schnayerson believes that postponing the
9  preliminary hearing is in Mr. Scott's best interest, and that it is not in his client's interest for the
10 United States to indict the case before the November 3, 2005 preliminary hearing date. The
11 parties agree that the requested continuance is necessary for continuity of defense counsel and
12 effective preparation of defense counsel.
13     The parties stipulate and agree that the above-stated reasons constitute good cause to support
14 a continuance under Rule 5.1 of the Federal Rules of Criminal Procedure and 18 U.S.C. § 3060.
15 The parties also stipulate and agree that the stated reasons support a continuance of the
16 preliminary hearing or arraignment date under Title 18, United States Code, Sections 3161(b)
17 and 3161(h)(8)(B)(iv) and that the failure to grant the requested continuance would deny the
18 defendant continuity of counsel and deny counsel for the defense the reasonable time necessary
19 for effective preparation, taking into account the exercise of due diligence.
20 IT IS SO STIPULATED.
21
22 DATED: _____
                                          _____
                                          ALICIA FENRICK
23                                        Assistant United States Attorney
24
25 DATED: _____
                                          _____
                                          PHILLIP SCHNAYERSON
26                                        Attorney for Mr. Scott
27
28

1  arraignment within twenty days of his initial appearance. Based on Mr. Scott's waiver, the
2  parties scheduled the next appearance in this matter for November 3, 2005 at 10:00 a.m. before
3  Judge Brazil for a preliminary hearing or arraignment.
4      The parties request this continuance on the grounds that: (1) the Court is unavailable on
5  October 20, 2005, the date scheduled for the preliminary examination; (2) Mr. Scott has yet to
6  retain Mr. Phillip A. Schnayerson as defense counsel; thus, Mr. Scott remains unrepresented by
7  counsel at this time; (3) because Mr. Scott is not currently represented by counsel, the parties
8  cannot proceed with plea negotiations; and (4) Mr. Schnayerson believes that postponing the
9  preliminary hearing is in Mr. Scott's best interest, and that it is not in his client's interest for the
10  United States to indict the case before the November 3, 2005 preliminary hearing date. The
11  parties agree that the requested continuance is necessary for continuity of defense counsel and
12  effective preparation of defense counsel.
13      The parties stipulate and agree that the above-stated reasons constitute good cause to support
14  a continuance under Rule 5.1 of the Federal Rules of Criminal Procedure and 18 U.S.C. § 3060.
15  The parties also stipulate and agree that the stated reasons support a continuance of the
16  preliminary hearing or arraignment date under Title 18, United States Code, Sections 3161(b)
17  and 3161(h)(8)(B)(iv) and that the failure to grant the requested continuance would deny the
18  defendant continuity of counsel and deny counsel for the defense the reasonable time necessary
19  for effective preparation, taking into account the exercise of due diligence.
20  IT IS SO STIPULATED
21
22  DATED: _____10/6/05_____
23      ALICIA FENRICK
    Assistant United States Attorney
24
25  DATED: _____10/11/05_____
26      PHILLIP SCHNAYERSON
    Attorney for Mr. Scott
27
28

STIPULATION AND [PROPOSED] ORDER
CR 05-70750 WDB

2

## ORDER

For the foregoing reasons, the Court finds that good cause is shown and concludes that the continuance is proper under Rule 5.1 of the Federal Rules of Criminal Procedure and 18 U.S.C. § 3060.

The Court FURTHER ORDERS that an exclusion of time between September 26, 2005 and November 3, 2005, is warranted under the Speedy Trial Act because a failure to grant the continuance would deny the defendant continuity of counsel and would unreasonably deny defense counsel the reasonable time necessary for effective preparation, taking into account the exercise of due diligence. 18 U.S.C. § 3161(h)(8)(B)(iv). The Court finds that the ends of justice served by excluding time under the Speedy Trial Act outweigh the best interest of the public and the defendant in a speedy trial and in the prompt disposition of criminal cases. Id. § 3161(h)(A). The Court, therefore, concludes that this exclusion of time is proper pursuant to 18 U.S.C. § 3161(h)(8)(B)(iv).

The defendant is HEREBY ORDERED to appear before Judge Brazil on November 3, 2005 at 10:00 a.m.

IT IS SO ORDERED.

DATED: October 14, 2005



Judge Wayne D. Brazil
United States Magistrate Judge